UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMISTAD CHRISTIANA CHURCH; PASTOR JOEL H. MENCHACA; PASTOR JOLEDA DAY,<br><br>Plaintiffs,<br><br>v.<br><br>LIFE IS BEAUTIFUL, LLC; CITY OF LAS VEGAS, NEVADA; MAYOR CAROLYN G. GOODMAN; COUNCILMEMBERS: RIKKI Y. BARLOW; STEVEN D. ROSS; LOIS TARKANIAN; BOB BEERS; BOB COFFIN; and STAVROS R. ANTHONY,<br><br>Defendants. | Case No. 2:15-CV-01413-APG-CWH<br><br>**ORDER ON MOTIONS TO DISMISS AND PRELIMINARY INJUNCTION**<br><br>(Dkt. ##8, 11, 12) |

A three-day art, music, culinary, and learning festival called "Life is Beautiful" will be held in downtown Las Vegas on the weekend of September 25-27, 2015. Based on its experience with the festival in previous years, plaintiff Amistad Christiana Church alleges that the resulting crowds, road closings, and concert noise unconstitutionally interfere with its ability to hold weekend services. It has therefore sued both Life is Beautiful, LLC and the City of Las Vegas, which issued the special-use permits that allow the festival to operate.

As part of that suit, Amistad seeks an injunction barring Life is Beautiful from holding performances on two specific stages while church services are being held. In the alternative, Amistad requests that I at least force defendants to (1) put in place "mature noise buffers" to prevent the music from its stages from drowning out Amistad's services or (2) come up with some other method to achieve this end.[1]

Defendants move to dismiss the suit on the grounds that Amistad has not alleged a viable constitutional claim under 42 U.S.C. § 1983 or a viable nuisance claim under Nevada law. They

---

[1] (Dkt. #11 at 2.)

also oppose Amistad's request for a preliminary junction, arguing, among other things, that Amistad is unlikely to succeed on the merits of its claims.

## I. BACKGROUND

The Amistad Christiana Church is located at 901 Stewart Avenue in downtown Las Vegas.[2] It regularly holds services on Saturday and Sunday evenings between 6:30 and 9:00 p.m. and also on Sunday mornings at 10:00 a.m.[3] Among its parishioners are "poor, sometimes homeless, and often non-English-speaking" individuals.[4]

Amistad is worried that it will not be able to hold these services the weekend of September 25-27, 2015 when the Life is Beautiful festival will in many ways take over downtown. The festival, for which the City of Las Vegas issued a special-event licensing permit, spreads across 11 city blocks, attracts scores of thousands of people, and showcases 70 musical acts on 4 different stages, including Stevie Wonder, Duran Duran, and Twenty One Pilots.

Two of these stages are located near Amistad. The noise from those stages is allegedly loud enough to "disrupt the ability of [Amistad] to conduct normal workshop services."[5] And because the City allows the festival to close off several streets downtown, there is an additional problem, according to Amistad: access to the church during the festival weekend will be "difficult, dangerous, and sometimes impossible."[6]

The parties tried to work out a mutual accommodation. They agreed to three provisions: (1) defendants will provide security guards to patrol around Amistad during the weekend, (2) defendants will tell their employees not to blare radio music on the golf carts they drive from site

---

[2] (Dkt. #1 at ¶ 9.)
[3] (*Id.* ¶¶ 7, 8.)
[4] (*Id.* ¶ 9.)
[5] (*Id.* at ¶ 19.)
[6] (*Id.* at ¶ 17.)

to site, and (3) Amistad will begin its Sunday morning service at 9:00 a.m. instead of 10:00 a.m. so that it can finish before noon, when the festival's sound-checks start.[7]

Amistad requested additional accommodations, including not having any Saturday and Sunday night performances from 6:30–9:30 p.m. on the two stages near Amistad.[8] Defendants refused to make these accommodations, just as Amistad refused to make the additional accommodations Defendants suggested, such as holding services that weekend at a different venue.[9]

Amistad filed its complaint on July 24, 2015, alleging that the festival will (1) violate the nuisance laws of Nevada and (2) unconstitutionally interfere with Amistad's right to free speech and freedom of religion.[10] It requests various forms of declaratory relief and an injunction prohibiting "the playing of amplified music, or other creation of loud noise, from the Amazon and Llama stages of the Life is Beautiful Festival during [Amistad's] Saturday and Sunday evening services . . . ; or in the alternative, the provision of mature noise buffers by the Defendants; or in the alternative, moving the festival to a location such as Symphony Park, where it will not interfere with the rights of others."[11] Amistad also requests that I prohibit the festival from interfering with church access and church parking.[12]

Defendants separately move to dismiss Amistad's complaint on the grounds that it does not state a claim on which relief can be granted.[13] Defendant Life is Beautiful argues, among other things, that it is not a state actor and therefore cannot be sued under §1983.[14] The City of

---

[7] (*Id.* at ¶ 17.)

[8] (Dkt. #1-1 at 2.)

[9] (Dkt. #1 at 4.)

[10] (Dkt. #1 at 4–7.)

[11] (*Id.* at 7.) The Life is Beautiful 2015 schedule does not list stages called Amazon or Llama. http://lifeisbeautiful.com/schedule/.

[12] (*Id.*)

[13] (*See* Dkt. ##8, 12.)

[14] (Dkt. # 12 at 3-5.)

Las Vegas argues that it has not taken any action to prohibit, regulate, or control Amistad's religious beliefs or practices—it has "merely issued permits for [the festival]."[15]

## II. LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[16] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[17] "Factual allegations must be enough to rise above the speculative level."[18] To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[19]

District courts must apply a two-step approach when considering motions to dismiss.[20] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[21] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[22] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[23] Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[24] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged

---

[15] (Dkt. #8 at 4.)

[16] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[18] *Twombly*, 550 U.S. at 555.

[19] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

[20] *Id.* at 679.

[21] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).

[22] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.

[23] *Iqbal*, 556 U.S. at 678.

[24] *Id.* at 679.

misconduct.[25] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[26] When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[27] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[28]

### III.   ANALYSIS

#### A.   Amistad's § 1983 Claim Against Life is Beautiful

A § 1983 claim can be brought only against a state actor.[29] A private entity like Life as Beautiful can, under certain circumstances, be subject to liability under § 1983 if there is such a "close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."[30] Factors I must consider include (1) whether Life is Beautiful is mostly comprised of state institutions, (2) whether state officials dominate the decision making of Life is Beautiful, (3) whether the funds of Life of Beautiful are largely

---

[25] *Id.* at 663.

[26] *Id.* at 679 (internal quotation marks and citation omitted).

[27] *Twombly*, 550 U.S. at 570.

[28] *Iqbal*, 556 U.S. at 679.

[29] Nowhere in its complaint does Amistad allege that Life is Beautiful is a state actor. In fact, it explicitly identifies Life is Beautiful as a limited liability company. (See Dkt. #1 at ¶ 6.) In its motion to dismiss, Life is Beautiful raises the issue of it not being a state actor and therefore not being subject to liability under § 1983. District courts are typically not allowed to consider evidence outside the pleadings without converting a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998). But "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiffs refers extensively to the document or the document forms the basis of the plaintiff's claim." *In re Silicon Graphics Secs. Litig.*, 183 F.3d 970, 986 (9th Cir.1999). Because Amistad's constitutional claim against Life is Beautiful depends on that private entity being a state actor, it is fair for me to consult outside documents regarding Life is Beautiful's status.

[30] *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 (9th Cir. 2008) (quotations omitted).

generated by state institutions, and (4) whether Life is Beautiful is acting in lieu of a traditional state actor.[31]

Amistad has not alleged facts showing that these four factors are present in this case. There are no facts in the complaint alleging that state officials dominate Life is Beautiful's decision making, that its funds are generated by state institutions, or that it is acting in lieu of a traditional state actor. Rather, Life is Beautiful appears to be very similar to the festival organization the Ninth Circuit held was not a state actor in *Villegas v. Gilroy Garlic Festival*.[32] There, the festival organization obtained a permit from the city to hold its garlic festival in a public park, the city retained control over the park, and the city provided security in and around the festival. Yet the Ninth Circuit concluded that the festival organization was nevertheless not a state actor. "The organization, management, and promotion of events such as the [festival]," it explained, "do not fall within the domain of functions exercised traditionally and exclusively by the government."[33]

By that same logic, I conclude that Life is Beautiful is not a state actor and thus cannot be sued under §1983. Even if Life is Beautiful were a state actor, Amistad's §1983 claim against it would fail for the same reasons set forth below regarding its §1983 claim against the City: there is nothing in the complaint to indicate that Life is Beautiful has taken any action to prohibit, regulate, or coerce Amistad's religious beliefs or practices. Amistad's §1983 claim against Life is Beautiful is therefore dismissed with prejudice.

**B.    Amistad's § 1983 Claim Against the City of Las Vegas**

Amistad's §1983 claim against the City is defective because the City has taken no action to prohibit, regulate, or coerce Amistad's religious beliefs or practices.[36]

---

[31] *Id.* at 955.

[32] 541 F.3d 950 (9th Cir. 2008.)

[33] *Id.* at 955.

[36] This reason also applies to Amistad's §1983 claim against Life is Beautiful.

Page 6 of 11

"The Free Exercise Clause simply cannot be understood to require the Government to conduct its own internal affairs in ways that comport with the religious beliefs of particular citizens."[37] The Supreme Court relied on this principle in *Lyng v. Northwest Indian Cemetery Protective Ass'n*,[38] a case in which the Forest Service had adopted a plan to allow logging and construction in an area that was religiously significant to certain groups of Native Americans. The Court acknowledged that the "challenged Government action would interfere significantly with [the groups'] ability to pursue spiritual fulfilment according to their own religious beliefs."[39] But it nevertheless rejected the groups' First Amendment challenge, holding that none of the affected individuals was "coerced by the Government's action into violating their religious beliefs; nor [did the] Government's action penalize religious activity by denying any person an equal share of rights, benefits, and privileges enjoyed by other citizens."[40]

The Ninth Circuit addressed similar issues in *San Jose Christian College v. City of Morgan Hill*,[41] which, like the present case, involved both a free exercise claim and a free speech claim. In *San Jose*, a Christian college challenged a city ordinance that prevented it from building facilities on land designated for the creation of a hospital and other public facilities. The *San Jose* court found that "the incidental burden upon [the college's] free exercise of religion is not violative of the First Amendment."[42] It stressed that "the city's ordinance applies throughout the entire City, and there is not even a hint that [the college] was targeted on the basis of religion for varying treatment."[43]

---

[37] *Lyng v. Northwest Indian Cemetery Protective Ass'n* 485 U.S. 439 (1988) (quoting *Bowen v. Roy*, 476 U.S. 693, 699–700 (1986)).

[38] 485 U.S. 439 (1988).

[39] *Id.* at 449.

[40] *Id.*

[41] 360 F.3d 1024 (9th Cir. 2004).

[42] *Id.*

[43] *Id.* at 1032.

It also found that the college had not asserted a colorable claim that the city's application of the zoning laws abridged the college's freedom of speech. "The record reflects no indication that the City's action was motivated by the City's disdain of [the college's] religious orientation," it explained, "or by the message to be communicated to the students/parishioners at the Property. Thus, no viable impingement of speech claim has been asserted."[44]

*San Jose* was decided at the summary judgment stage, but it is nevertheless instructive here. Amistad alleges no facts that it was "targeted on the basis of religion for varying treatment" or that the City's decision to issue Life is Beautiful a permit was "motivated by the City's disdain of [Amistad's] religious orientation, or the message to be communicated to [its parishioners]." Instead, the permit appears to be a neutral law of general applicability, which means it "need not be justified by a compelling governmental interest even if the law incidentally burdens a particular religious group."[45]

There is no allegation in Amistad's complaint that the permit selectively burdens Amistad. To the contrary, numerous downtown property owners apparently are affected, as illustrated by the many letters Amistad submitted.[46] I do not find, based on the facts alleged in the complaint, that the City has committed a constitutional violation by issuing Life is Beautiful a permit to put on its festival.

C.  **Amistad's Nuisance Claim Against Life is Beautiful**

To sustain its claim for private nuisance, Amistad must allege that the interference caused by the festival is both substantial and unreasonable.[47] Interference is substantial if "normal persons living in the community would regard [the alleged nuisance] as definitely

---

[44] *Id.*

[45] *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 505 U.S. 520 (1993).

[46] (*See* Dkt. #22-1.) Because these letters were not attached to Amistad's complaint, I cannot consider them in ruling on the motion to dismiss. Fed. R. Civ. P. 12(b); *Parrino*, 146 F.3d at 706 n.4. However, I can consider them in connection with evaluating the motion for preliminary injunction.

[47] *Sowers v. Forest Hills Subdivision*, 294 P.3d 427, 432 (Nev. 2013).

offensive, seriously annoying, or intolerable."[48] Interference is unreasonable if "the gravity of the harm to the plaintiff outweighs the social value of the activity alleged to cause the harm."[49] Whether a nuisance exists requires considering "all existing circumstances."[50]

To support its allegation that the interference caused by the festival is substantial, Amistad primarily contends that the festival "impinges on activities specifically protected by the United States Constitution—freedom of expression and the free exercise of religion."[51] Because, as I explained above, no constitutional claim is adequately alleged, I am unpersuaded by Amistad's argument, particularly considering the festival is a temporary event in a location frequently used for festivals. There are no facts alleged that the festival will fundamentally "change the character" of the neighborhood.[52]

I therefore dismiss Amistad's nuisance claim against Life is Beautiful because it has not alleged facts to support a finding that the interference caused by the festival is substantial. I do so, however, without prejudice. Given the collection of complaint letters Amistad attached to its opposition, Amistad may be able to assert its nuisance claim in a way that does not depend on its now foreclosed constitutional claim. That said, a nuisance claim, standing alone, is a state law claim over which I would decline to exercise supplemental jurisdiction. So if Amistad chooses to reassert that claim, it must do so in state court unless some other federal claim emerges.

**D.   Amistad's Nuisance Claim Against the City of Las Vegas**

The City's consideration of nuisance issues is a discretionary function.[53] It involves an element of judgment and is based on considerations of public policy.[54] The City therefore

---

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] (Dkt. #1 at ¶ 32.)

[52] *See Sowers,* 294 P.3d at 432 (finding that a noise from a wind turbine constituted substantial interference because it would "change the character of the neighborhood plaintiffs sought to live in").

[53] *Randsdell v. Clark County,* 124 Nev. 847, 858 (2008).

[54] *Id.*

appears to be immune from Amistad's nuisance claim under N.R.S. §41.032(2). Amistad correctly notes, however, that discretionary immunity does not apply when the City acts in bad faith.[55] But there are no facts in Amistad's complaint to support a finding of bad faith. I therefore dismiss Amistad's nuisance claim against the City.

### E. Preliminary Injunction

To qualify for a preliminary injunction, Amistad must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest.[56] Alternatively, under the sliding scale approach, Amistad must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the its favor, and (4) an injunction is in the public interest.[57] A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."[58]

Amistad has not carried that burden here. In particular, it has not shown a likelihood of success on the merits, particularly given that I have determined that Amistad's constitutional and nuisance claims fail.[59] Nor has Amistad asserted serious questions on the merits. I therefore deny Amistad's motion for a preliminary injunction.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the motions to dismiss **(Dkt. ## 8, 12) are GRANTED**.

---

[55] *See Davis v. City of Las Vegas*, 478 F.3d 1048, 1059 (9th Cir. 2007) (noting that when a state actor's "actions are attributable to bad faith, immunity does not apply whether an act is discretionary or not").

[56] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[57] *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

[58] *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

[59] *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("The first factor under *Winter* is the most important—likely success on the merits.")

IT IS FURTHER ORDERED that Amistad's motion for preliminary injunction **(Dkt. #11) is DENIED.**

IT IS FURTHER ORDERED that, because I have dismissed all of plaintiff's claims and would not exercise supplemental jurisdiction over any reasserted state law nuisance claims, the clerk of the court is directed to enter judgment in favor of defendants.

DATED this 18th day of September, 2015.

                                                                                  _____
                                                                                  ANDREW P. GORDON
                                                                                  UNITED STATES DISTRICT JUDGE